## 29849. GHANT *v.* C. I. T. CORPORATION.

DECIDED MARCH 6, 1943.

*R. S. Wimberly,* for plaintiff in error. *M. Davis,* contra.

FELTON, J. C. I. T. Corporation sued John Ghant for a balance due on a promissory note executed and delivered to W. T. Patterson Motor Company for the purchase-price of an automobile and transferred to C. I. T. Corporation. The defendant answered, denying indebtedness, and alleging that the plaintiff took the automobile back from defendant in full satisfaction of the debt; that it did not

take the automobile to sell it and apply the proceeds on the debt, but on the contrary left word at defendant's home for him to come to Columbus and see plaintiff about the car and about refinancing it or settling his debt at a discount; that plaintiff did not notify defendant that it intended to sell the car and apply the proceeds on the debt, and that such conduct was in law a rescission of the contract and satisfaction of the debt. The answer also alleged the rental value, and prayed for judgment of $105. The court directed a verdict for the plaintiff. The defendant excepted to the overruling of his motion for new trial.

The defendant testified that the plaintiff wrote to him after the automobile was repossessed, asking him to call by its office, and stating that it wanted to give him a discount on the automobile. The defendant's brother testified that the agent of the plaintiff who repossessed the automobile told him to tell the defendant to go by plaintiff's office and get his duplicate for the car, and that he supposed the agent meant the note given for the car. The contract of purchase provided that on default in the payment of an installment due on the note the whole debt became due, and authorized the plaintiff to retake the automobile, sell it, with or without notice, at public or private sale, and credit the proceeds less expense on the debt. The letter to the defendant, and the testimony of the defendant's brother that plaintiff asked defendant to come for his "duplicate," were insufficient to authorize the inference that the plaintiff had intended to rescind the contract.

The answer did not set up that the power of sale was unfairly exercised. The defendant testified that the automobile was in as good condition when it was repossessed as it was when he bought it. He paid $375, and had driven it about 1000 miles. This testimony, considered with the price paid for the automobile, under the pleadings, would not raise the defense that the exercise of the power of sale was unfair, nor would such evidence alone authorize such an inference. The court did not err in directing the verdict for the plaintiff, or in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*